WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Garcia-Gonzalez,<br>　　　　　Petitioner,<br>v.<br>United States of America,<br>　　　　　Respondent. | No. CV 22-00191-TUC-JGZ<br>**ORDER** |

Pending before the Court is Petitioner Martin Garcia-Gonzalez's Amended Petition for Writ of Coram Nobis. (Civ. Doc. 6.)[1] Garcia-Gonzalez requests that the Court vacate his conviction for Illegal Reentry of a Removed Alien on the grounds that he received ineffective assistance of counsel with respect to his plea agreement. (*Id.* at 1.) Garcia-Gonzalez asserts that he never would have agreed to the plea agreement had his counsel informed him that it would effectively eliminate any opportunity of obtaining legal status in the United States. (*Id.* at 12–13.) The petition is fully briefed. (Civ. Docs. 6, 10, 11.)

For the reasons set forth below, the Court will deny the petition.

**I.    Background**

Garcia-Gonzalez is a Mexican national who is married to a U.S. citizen and father to several children who are U.S. citizens. (Civ. Doc. 6 at 2; Crim. Doc. 22 at 8.)

In August 2015, Garcia-Gonzalez was placed in removal proceedings. (Civ. Doc. 6

---

[1] The Court will cite documents from the docket in this civil case, 22-CV-00191-TUC-JGZ, as "Civ. Doc." and the documents from Garcia-Gonzalez's related criminal case, 20-CR-02305-TUC-JGZ, as "Crim. Doc."

at 2.) He was not permitted to apply for cancellation of removal. (*Id.*) For four years, Garcia-Gonzalez pursued other relief, which was denied. (*Id.*) Consequently, in January 2019, he left the United States for Mexico pursuant to an order of removal. (*Id.* at 3.) Prior to his departure, he filed a motion to reopen the removal. (*Id.*)

Garcia-Gonzalez re-entered the United States without permission in July 2020, (Crim. Doc. 22 at 8), because he grew impatient while waiting for a decision on his motion to reopen and because he wished to reunite with his family in the United States, (Civ. Doc. 6. at 3; Crim. Doc. 14 at 4). Garcia-Gonzalez was arrested by U.S. Border Patrol agents and charged with Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a). (Crim. Doc. 1.) In September 2020, he pled guilty to the charge pursuant to a written plea agreement. (Crim. Doc. 22 at 8.) In the agreement, Garcia-Gonzalez expressly waived his right to appeal or collaterally attack his conviction and sentence. (Crim. Doc. 22 at 3–4.) Garcia-Gonzalez also confirmed verbally, during his change-of-plea hearing, that he understood and agreed to this waiver. (Crim. Doc. 37 at 10.) After the change-of-plea hearing, Garcia-Gonzalez filed a motion to accelerate his sentencing hearing. (Crim. Doc. 26.) On December 1, 2020, the Court sentenced Garcia-Gonzalez to a term of imprisonment of time-served followed by twelve months of supervised release. (Crim. Doc. 29 at 1.) As a special condition of supervision, the Court ordered Garcia-Gonzalez not to return to the United States without permission.[2] (*Id.* at 3.)

Garcia-Gonzalez's term of supervision expired on December 1, 2021. Prior to its expiration, the Board of Immigration Appeals (BIA), on June 28, 2021, granted Garcia-Gonzalez's motion to reopen removal. (Civ. Doc. 6-1 at 2.) The BIA, relying on new Supreme Court precedent, effectively reversed its decision preventing Garcia-Gonzalez from applying for a cancellation of his removal order and instead remanded for the Immigration Judge to assess his eligibility for cancellation of removal and, if warranted, the opportunity to apply for such relief. (*Id.*)

---

[2] It appears that Garcia-Gonzalez was removed to Mexico shortly after his release from imprisonment. (Civ. Doc. 11 at 12.)

On April 14, 2022, Garcia-Gonzalez filed a motion to vacate his conviction. (Crim. Doc. 33.) In a May 5, 2022 Order, the Court noted that Garcia-Gonzalez waived his right to appeal and collaterally attack his conviction and ordered Garcia-Gonzalez to show cause why his motion should not be dismissed. (Civ. Doc. 3 at 4.) Garcia-Gonzalez filed a response to the order to show cause, requesting that the Court not dismiss the action and arguing he received ineffective assistance of counsel regarding the plea agreement. (Civ. Doc. 4.) In a July 20, 2022 Order, the Court discharged the order to show cause and dismissed the motion to vacate conviction with leave to amend. (Civ. Doc. 5.)

On August 12, 2022, Garcia-Gonzalez filed the pending Amended Petition for Writ of Coram Nobis. (Civ. Doc. 6.) Garcia-Gonzalez requests that the Court vacate his conviction because he received ineffective assistance of counsel when he pled guilty and waived his right to collaterally attack a conviction that rendered him ineligible for relief in his BIA proceedings. (Civ. Docs. 6 at 16; 11 at 10.) More specifically, Garcia-Gonzalez contends his counsel failed to investigate the status of the BIA proceedings, attack the underlying removal order, and preserve Garcia-Gonzalez's chances of returning to the United States and reuniting with his family, which was his top priority. (Civ. Docs. 6 at 12, 16; 11 at 10.) According to Garcia-Gonzalez, he never would have agreed to the plea agreement had his counsel informed him that it would effectively eliminate any opportunity of obtaining legal status in the United States. (Civ. Doc. 11 at 10.)

**II.     Discussion**

The writ of coram nobis affords a remedy to attack an unconstitutional or unlawful conviction when petitioners have already completed their sentence and are no longer in custody. *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). Such writs are a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). A petitioner seeking a writ of coram nobis must establish that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the

conviction earlier;[3] (3) adverse consequences exist from the conviction to satisfy Article III's case or controversy requirement; and (4) the error is of the most fundamental character. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). The failure to satisfy any one requirement is fatal to the petition. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

To meet the fourth requirement—fundamental error, Garcia-Gonzalez contends he received ineffective assistance of counsel in violation of his Sixth Amendment rights. (Civ. Doc. 6 at 7, 12.) To show ineffective assistance of counsel, Garcia-Gonzalez must demonstrate (1) deficient performance that (2) caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice from counsel's alleged errors, Garcia-Gonzalez must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Garcia-Gonzalez fails to establish prejudice because he has not shown that, but for his counsel's alleged errors, the outcome in his criminal case would have been different. Garcia-Gonzalez argues that, but for his counsel's alleged errors, he would have (1) filed a motion to dismiss and collaterally challenged the removal order; or (2) proceeded to trial and avoided pleading guilty to preserve his opportunity to pursue legal status in the United States. (Civ. Docs. 6 at 13; 11 at 10.) However, as to his first argument, Garcia-Gonzalez fails to establish, or even argue, that a motion to dismiss or collateral challenge of the removal order could have been successful or even that it would have been useful in negotiating a better plea agreement. (*See* Civ. Docs. 6 at 13, 16; 11 at 10.) This showing is

---

[3] Garcia-Gonzalez suggests that he could not have collaterally attacked his sentence under 28 U.S.C. § 2255 because he was not in custody at the time the BIA granted his motion to reopen. (Civ. Doc. 11 at 9–11.) This is incorrect. *See United States v. Ramirez-Sanchez*, 338 F.3d 977, 981 (9th Cir. 2003) ("[D]eportation does not terminate supervised release."); *United States v. Milovanovic*, No. 8:03-CR-240-T-30EAJ, 2012 WL 72710, at *2 (M.D. Fla. Jan. 10, 2012) (deported defendant is still "in custody" for the purposes of § 2255 if his supervised release has not expired).Because the Court concludes that Garcia-Gonzalez fails to establish the fourth requirement—fundamental error, the Court will not address any further the second requirement—whether valid reasons exist for not attacking the conviction earlier.

- 4 -

necessary for the Court to determine whether Garcia-Gonzalez's counsel's alleged deficiencies caused him prejudice.[4] Without showing with reasonable probability that a dismissal or collateral challenge would succeed or alter the outcome in his case, Garcia-Gonzalez cannot establish prejudice. *See Strickland*, 466 U.S. at 694.

Garcia-Gonzalez's second argument is similarly unpersuasive. He contends that, even if the dismissal or collateral challenge were unsuccessful, he would not have pled guilty but requested a continuance and proceeded to trial. (Civ. Doc. 11 at 10.) Proceeding to trial, in turn, would have given him more time to seek relief in his BIA proceedings and preserved his opportunity to lawfully return to the United States. (*Id.*) However, the BIA's reopening allowed Garcia-Gonzalez to apply for cancellation of the removal order. (Civ. Doc. 6-1 at 2.) It did not reverse or cancel the removal order. (*See id.*) And Garcia-Gonzalez fails to establish, or even argue, that there is a reasonable probability the BIA would have vacated the removal order. (*See* Civ. Docs. 6 at 16; 11 at 10.) Without demonstrating any probability of the removal order being vacated, Garcia-Gonzalez establishes only that he could have waited and proceeded to trial. He fails to show that proceeding to trial, rather than pleading guilty, "would not have subjected him to the same immigration consequences." *See United States v. Ambriz*, No. 17-CR-00055-YGR-1, 2019 WL 803843, at *7 (N.D. Cal. Feb. 21, 2019). Indeed, if the immigration court finds Garcia-Gonzalez ineligible for cancellation of removal, pleading guilty and waiting for trial would likely

---

[4] *See, e.g.*, *Ortiz-Calderon v. United States*, No. 15-CR-5133 BHS, 2020 WL 488548, at *7 (W.D. Wash. Jan. 30, 2020) ("Petitioner fails to demonstrate with reasonable probability that a collateral attack on the order would succeed. Therefore, Petitioner fails to make a showing of prejudice."); *Martinez-Agustin v. United States*, No. 11-CR-3812-BEN, 2013 WL 6055350, at *3 (S.D. Cal. Nov. 13, 2013) ("Because [Petitioner] ultimately would have been unsuccessful in challenging his removal order, his claim for ineffective assistance of counsel . . . fails."); *Verdugo v. United States*, No. EP-11-CR-2752-FM-1, 2013 WL 12121527, at *6 (W.D. Tex. Oct. 28, 2013) (Petitioner failed to establish prejudice in IAC claim when he produced no evidence that BIA had vacated the removal order or that a collateral attack on the removal order would have been successful); *Ajaegbu v. United States*, No. CIV.A. 05-4844JAG, 2007 WL 674305, at *3 (D.N.J. Feb. 28, 2007) ("In order to evaluate whether or not there was a deficiency in counsel's performance, this Court must determine if Petitioner would have been able to collaterally attack the underlying deportation order.").

have the same outcome on his immigration status.[5] That is, Garcia-Gonzalez would still be inadmissible because he reentered the United States in violation of a valid removal order. *See* 8 U.S.C. § 1182(a)(9)(C)(i). Garcia-Gonzalez thus fails to show prejudice as he has failed to establish the reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 694.

Finally, even casting aside the plea agreement and reentry conviction, Garcia-Gonzalez cannot show by a reasonable probability that the criminal proceedings eliminated his opportunity to obtain legal status in the United States. As Garcia-Gonzalez points out, prior to his reentry arrest, he had already accrued more than one year of unlawful presence in the United States. (Civ. Doc. 6 at 15.) Garcia-Gonzalez's history of unlawful presence and attempt to reenter the United States without permission render him inadmissible:

> Any alien who--
>
> (I) has been ***unlawfully present in the United States for an aggregate period of more than 1 year***, or
>
> (II) has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law,
>
> ***and who enters or attempts to reenter the United States without being admitted is inadmissible***.

8 U.S.C. § 1182(a)(9)(C)(i) (emphasis added). Put differently, an immigration court may permanently deny Garcia-Gonzalez legal status in the United States without taking into account his plea agreement, conviction, or whether he entered the United States in violation of a removal order.[6] In sum, for all of these reasons, Garcia-Gonzalez fails to show

---

[5] If there was not a reasonable probability of a different outcome in the immigration proceedings as the present record shows, *see infra*, then Garcia-Gonzalez's counsel's decision to advocate for a plea agreement and sentence of time-served appears to be a strategic and reasonable decision. Indeed, there seems to be little reason for Garcia-Gonzalez to wait in custody for trial without a reasonable probability of a different outcome for his challenge to the removal order. The guideline provisions and the plea agreement provided for a sentence of 0 to 6 months. (Crim. Doc. 24 at 10.) Garcia-Gonzalez had been in custody for 4 months at the time of his sentencing. (*Id*. at 1.)

[6] To be sure, the plea agreement and reentry conviction in Garcia-Gonzalez's criminal case established that he reentered the United States without permission. However, for the purpose of his immigration proceedings, so too does his arrest. The immigration court need

prejudice by not establishing the reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 694.

### III. Conclusion

The Court will deny Garcia-Gonzalez's request to set aside his conviction because he has failed to show fundamental error. There is no evidence of prejudice which is necessary to support Garcia-Gonzalez's claim of ineffective assistance of counsel. Although the Court sympathizes with Garcia-Gonzalez's desire to reunite with his family and his attempts to obtain status in the United States, the law does not permit the requested relief.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Garcia-Gonzalez's Amended Petition for Writ of Coram Nobis (Civ. Doc. 6) is **denied** and **dismissed with prejudice.**

2. The Clerk of Court must enter judgment accordingly and close its file in this action.

Dated this 20th day of April, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

not have a criminal conviction to establish that Garcia-Gonzalez entered, or attempted to enter, the United States without permission. *Cf.* 8 U.S.C. § 1182(a)(2) (setting forth separate inadmissibility grounds based on certain criminal convictions). Garcia-Gonzalez was arrested near Nogales, Arizona, in the United States. (Crim. Doc. 1.) Further, he neither argues that he never entered the United States nor contends that he entered with permission.

- 7 -